## JOHN E. WOOD v. S. SAMUELS.

(No. 1684, Op. Book No. 2, p. 93.)

APPEAL from Falls County. Opinion by WALKER, R. S.,
P. J.

§ 922. *Charge of the court; may explain admission of
evidence.* The court is not allowed to charge upon the
weight of evidence, but may explain to the jury the rea-
sons upon which it is admitted. [Howerton v. Holt, 23
Tex. 60.] An instruction which advises the jury that a
certain class of testimony before them may be properly
weighed by them in determining a fact in issue is in fact
explaining to them the purpose for which it was ad-
mitted, and that it may be legitimately considered by
them in the formation of their verdict.

§ 923. *Partnership; charge of court.* Where an issue
in the case was whether or not plaintiff and defendant
had been partners in buying and selling cotton, the court
charged the jury as follows: "In determining whether
or not the parties were partners, you may consider the
manner in which the business was conducted, the au-
thority exercised by the plaintiff in buying and selling the
cotton, and all the facts and circumstances in evidence."
This charge was held to be unobjectionable.

§ 924. *Verdict; province of jury.* "It is the peculiar
province of the jury to judge of the credibility of the wit-
nesses and weigh the evidence, and their verdict will not
be set aside as against the evidence merely because the
court might, from an examination of the evidence, ar-
rive at a result different from that found by the jury."
[Briscoe v. Bronaugh, 1 Tex. 326; Cummins v. Rice, 19
Tex. 225; Patton v. Gregory, 21 Tex. 513; Montgomery
v. Culton, 23 Tex. 156; Baldridge v. Gordon, 24 Tex.
288.]

§ 925. *Argument of counsel; rules governing.* Rule 39
for the government of district courts prescribes that
"arguments on the facts should be addressed to the jury,

when one is impaneled in a case that is being tried, under the supervision of the court. Counsel shall be required to confine the argument strictly to the evidence and to the arguments of opposing counsel." Rule 41 imposes upon the court the duty of enforcing the rules as to arguments when they are violated, without waiting for objections to be made. Where the argument is upon a legal proposition addressed to the court, there is no limitation by the rules restricting counsel to the pleadings and evidence. Counsel has the right to address an argument upon the law of the case to the judge, with a view to instructions to be asked upon his own hypothesis as to the legal deductions which arise upon the case before the court. A departure from the legitimate bounds of this right, or an abuse of it by an improper discussion of facts not involved in the proper illustration of the legal point under discussion, or allusions made unnecessarily and within hearing of the jury, would fall within the spirit, at least, of the inhibition contained in rule 39, and the court should promptly regulate the conduct of counsel under such circumstances by taking the appropriate action to prevent the impropriety.

June 23, 1880.                                    Affirmed.